IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-194 |
| JCCF MEDICAL DEPARTMENT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert D. Hinson, an inmate formerly confined at the Jefferson County Correctional Facility, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the JCCF Medical Department, Kim King, and Zena Stephens.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly,* 550 U.S. at 555.

<u>Discussion</u>

Plaintiff complains he has been denied adequate medical care since his arrival at the jail on August 19, 2021. Plaintiff claims he has polyps in the mucus membrane of his nose which have caused him to suffer from allergies and asthma. Plaintiff claims the defendant King and others have given him "the runaround about seeing a specialist." Plaintiff also alleges that he and another black inmate have been denied being sent to a specialist for their medical problems while a white inmate has been to a specialist for a hurt finger.

Plaintiff has previously filed another civil rights case in this court against the JCCF Medical Department, Kim King, and Zena Stephens concerning the same subject as the claims which form the basis of this complant. In the previous case, plaintiff asserts that he has been denied adequate medical treatment for polyps growing in his mucous membrane which are causing him allergies and asthma. Plaintiff claims he has been told that removal of the polyps would stop his allergies and asthma, but he has not received surgery to remove them. *See Hinson v. JCCF Med. Dep't*, No. 1:23cv42 (E.D. Tex.). The case is presently pending before this court.

If plaintiff pursues his claims in both actions separately it will cause plaintiff to pay an additional $350.00 filing fee pursuant to 28 U.S.C. § 1915(e). Thus, the instant cause of action should be dismissed without prejudice to his ability to pursue his claims in his first case.

Further, if pursued as two separate lawsuits, this action is repetitious and malicious under 28 U.S.C. § 1915. *See Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (case involving claims stemming from same incident already challenged is malicious), citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[D]eclaring that a successive *in forma pauperis* suit is 'malicious' . . . insures that the plaintiff obtains one bite at the litigation apple - but not more."); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal as frivolous where case involved claims duplicative of the plaintiff's prior litigation and concluding repetitious litigation is subject to dismissal under 28 U.S.C. § 1915 as malicious).

Any additional facts plaintiff desires to bring to the court's attention about the claims should be brought in his previous lawsuit styled *Hinson v. JCCF Med. Dep't*, No. 1:23cv42.

## Recommendation

The above-styled civil rights action should be dismissed without prejudice to plaintiff's ability to pursue his claims in his other pending lawsuit styled *Hinson v. JCCF Med. Dep't*, No. 1:23cv42.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 14th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE